1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**BRANDON CHE LEE,**                            )   NO. CV 15-01727-DMG  (KLS)
                                                )
                    **Petitioner,**             )
                                                )
             **v.**                             )   **ORDER TO SHOW CAUSE RE:**
                                                )   **DISMISSAL FOR LACK OF**
**COLLINS, et al.,**                            )   **JURISDICTION**
                                                )
                    **Respondent**              )
_____            )

    In August 2015, Petitioner, an inmate in custody of the federal Bureau of Prisons ("BOP")  at the Nevada Southern Detention Center and proceeding *pro se*, constructively filed a Petition For A Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition" or "Pet"). The Petition alleges that Petitioner has "been unlawfully detained at BOP under false judgment[.]")  (Pet. 2.)  Petitioner further alleges that he was sentenced on June 2, 2010 in Case No. SA 8:07-cr-00207 AG in the United States District Court for the Central District of California – Santa Ana, and that he is incarcerated under a false indictment.[1]  (*Id.*)  On January 5, 2012, he filed a first appeal to the Court of Appeals for the Ninth Circuit challenging the validity of his conviction on the grounds of "ineffective counsel" and insufficiency of evidence, Case No. 10-50271.  (*Id.* at 3.)  He made no other appeals but, on February 7, 2013, filed a motion under 28 U.S.C. § 2255 in the sentencing court on the

_____

[1] The Petition contains no factual information whatsoever about the underlying case or the particular charges for which he was convicted.

1

1  ground that his incarceration is "under false indictment." (*Id.*)  The district court denied his

2  motion on April 18, 2013.  (*Id.*)

3

4  The Petition bears a signature date of "August 2015", the envelope in which it was

5  mailed is postmarked August 10, 2015, and the Clerk's Office in the United States District

6  Court, District of Nevada received and lodged the Petition on August 12, 2015.  Pursuant to

7  the "mailbox rule," the Court will deem the Petition to have been "filed" on August 5, 2015.[2]

8  On October 22, 2015, pursuant to 28 U.S.C. § 1631, the United States District Court for the

9  District of Nevada transferred this matter to the United States District Court for the Central

10  District of California, Santa Ana Division.

11

12  For the reasons discussed below, it appears the court lacks jurisdiction to entertain the

13  Petition.

14

15  **DISMISSAL APPEARS TO BE WARRANTED DUE TO LACK OF JURISDICTION**

16

17  **A.    Summary of Proceedings**

18

19  The Petition does not include any facts about the underlying case or the particular

20  charges for which he was convicted.  However, the Court's own review of the court's

21  electronic files and records revealed that after a jury trial, on October 20, 2009, Petitioner

22  was found guilty and convicted on  multiple counts relating to mail fraud, production of false

23  identification documents, aiding and abetting,  possession of false identification documents,

24  and possession of document making implements.[3]  Petitioner was committed to the BOP on

25

26  [2] **Error! Main Document Only.**"Under the 'mailbox rule,' a *pro se* prisoner's filing of a state habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court." *Stillman v.*

27  *Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003); *Campbell v. Henry*, 614 F.3d 1056, 1058-59 (9th Cir. 2010); *see also* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

28  [3] The Court may take judicial notice of court files and public records.  *Mullis v. U.S. Bank Ct.*, 828 F.2d 1385, 1388  n.9 (9th Cir. 1987) (a court may properly take judicial notice of the contents of public records or court files)..

Counts 3-7, 15, 16, 17 of the Indictment for 240 months.  (ECF Dkt. No. 233, Case No. 8:07-cr-00207-AG-1.)  Petitioner's direct appeal of his 2010 conviction concluded in 2012.  In February 2013, he filed a motion under 28 U.S.C. § 2255 in district court where he was sentenced, challenging his conviction on the ground that his "incarceration is under false indictment." (Pet. 5.)  The court denied the motion on April 18, 2013. (*Id.*)   In August 2015, Petitioner filed the instant Petition.

## B.   <u>Discussion</u>

To determine whether jurisdiction is proper, a [federal] court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255.  *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam).  A Section 2255 motion must be filed in the sentencing court. 28 U.S.C. § 2255 (prisoner may "move the court which imposed the sentence to vacate, set aside or correct the sentence").  A petition under section 2241, however, must be filed in the district where the prisoner is in custody.  *Braden v. 30th Judicial Cir. Court of Ky.*, 410 U.S. 484, 494-95 (1973).  "Motions to contest the legality of a sentence must be filed under § 2255."  *Hernandez,* 204 F.3d at 864; *see also Doganiere v. United States*, 914 F. 2d 165, 169-70 (9th Cir. 1990) (stating section 2255 motion tests only the legality of the sentence imposed, not the manner or execution).  A prisoner may challenge the execution of his sentence by bringing a petition under § 2241.  *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984).  Further, § 2255 bars second or successive motions unless the petition is certified by the appropriate court of appeals.  28 U.S.C. § 2255(g).  A federal prisoner may not substitute a § 2241 petition for a § 2255 motion.  *Charles v. Chandle*r, 180 F.3d 753, 758 (6th Cir. 1999) ("The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255.); *see also Porter v. Adams*, 244 F. 3d 1006, 1007 (9th Cir. 2001) ("Merely labeling a section 2255 motion as a section 2241 petition does not overcome the bar against successive section 2255 motions."  (Internal citations omitted)).

3

Section 2255, contains a "savings clause" that permits the filing of a habeas petition to challenge a conviction or sentence in the following limited circumstances:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court, which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255 (e).

Here, it is apparent on the face of the Petition that Petitioner raises the identical issue that he raised in his previously unsuccessful § 2255 motion, where he asserted the falsity of the indictment as the sole basis for challenging the legality of this conviction.  Moreover, because Petitioner previously filed a § 2255 motion that was denied, this court only has jurisdiction if Petitioner's "remedy by motion is inadequate or ineffective to test the legality of his detention."  *Id.*; *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (holding federal petitioner may not avoid bar on successive petitions "by styling his petition as one pursuant to 28 U.S.C. § 2241").  The Ninth Circuit has held that Section 2255 (g)'s "escape hatch" only allows a federal prisoner to bring a § 2241 petition when a petitioner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (internal citations omitted).

"To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998).  "Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that 'no reasonable juror' would have

4

convicted him [citation omitted] . . . . [T]he parties are not limited to the existing trial record; the issue is 'factual innocence, not mere legal insufficiency.'"  *Lorentsen v. Hood*, 223 F.3d 950, 953-54 (9th Cir. 2000) (quoting *Bousley*, 523 U.S. at 623).

"In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask . . . (1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion and whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion."  *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008).

Here, Petitioner presents no facts that satisfy his burden of proof to establish actual innocence.  Indeed, he does not contend that he is actually innocent, but rather, argues that he should be granted immediate release from custody because the indictment under which he was charged and tried was allegedly defective because "the indictment cover page does not have the court filing stamp and the final page does not have the grand jury signature on it." (Pet. at 8.)[4]

In addition, Petitioner had an unobstructed procedural shot to challenge the conviction.  He presented a direct appeal, albeit unsuccessfully, to the Ninth Circuit on the grounds of ineffective assistance of counsel and insufficiency of the evidence.  (Pet. at 3.) He also filed an unsuccessful § 2255 motion asserting exactly the same claim presented here, that the indictment was false.  (Pet. at 5.)  Petitioner also has not established (or even contended) that there has been a change of law that is in any way relevant to Petitioner's claim since his first § 2255 motion.[5]

---

[4] Petitioner did not attach copies of the allegedly deficient documents as exhibits to the Petition. Nor did he provide any other documentation in support of his claim.

[5] Even if the Court could exercise jurisdiction over the Petition, it  is still deficient because the Petition fails to state a cognizable  "violation of the constitution, laws or treaties of the United States."  28 U.S.C. § 2241 (b) (3).  While pleadings by *pro se* litigants must be liberally construed, in this instance, Petitioner does not allege a violation of the U.S.

Accordingly, for these reasons, the Petition is deficient and must be dismissed. However, Petitioner will be given an opportunity to explain why this Court has jurisdiction to entertain the Petition.

## ORDER

IT IS THEREFORE ORDERED THAT, on or before **November 30, 2015**, Petitioner shall show cause, if there be any, why this Court should not recommend dismissal without prejudice for lack of jurisdiction.

Alternatively, if Petitioner does not wish to proceed with his claims, he may file a Voluntary Dismissal.  The Clerk is DIRECTED to include a blank form for voluntary dismissal with this Order.

**Petitioner is advised that if he fails to timely respond to this order to show cause, the Court will recommend that the petition be dismissed without prejudice based on lack of jurisdiction.**

IT IS SO ORDERED.

DATED: October 30, 2015

KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE

---

Constitution or federal law.  Further, the Petition is devoid of any reference to a violation of federal constitutional rights and cites no federal law from which the Court may infer a reference to such rights.