UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRANDON CHE LEE, | ) | NO. CV 15-01727-DMG (KS) |
| Petitioner, | ) ) | |
| v. | ) ) | ORDER: DISMISSING PETITION WITH PREJUDICE |
| COLLINS, et al., | ) ) ) | |
| Respondent | ) ) | |
| _____ | ) | |

In August 2015, Petitioner, an inmate in custody[1] of the federal Bureau of Prisons ("BOP") at the Nevada Southern Detention Center and proceeding *pro se*, constructively filed a Petition For A Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition" or "Pet.," ECF No. 1). The Petition alleges that Petitioner has "been unlawfully detained at BOP under false judgment[.]") (Pet. at 2.) Petitioner further alleges that he was sentenced on June 2, 2010 in Case No. SA 8:07-cr-00207 AG in the United States District Court for the Central District of California – Santa Ana for mail fraud in violation of 18 U.S.C. 1341, and that he is incarcerated under a false indictment.[2] (*Id.*) On January 5, 2012, he filed a first appeal to the Court of Appeals for the Ninth Circuit challenging the validity of his conviction on the grounds of "ineffective counsel" and insufficiency of evidence, Case No. 10-50271. (*Id.* at

---

[1] At the time of initiating the instant action, Petitioner was in custody in Nevada. It appears from CM/ECF that he has since been moved to a facility in Sheridan, Oregon.

[2] The Petition contains no factual information whatsoever about the underlying case or the particular charges for which he was convicted.

1

3.) He made no other appeals but, on February 7, 2013, filed a motion under 28 U.S.C. § 2255 in the sentencing court on the ground that his incarceration is "under false indictment." (*Id.*) The district court denied his motion on April 18, 2013. (*Id.*)

The Petition bears a signature date of "August 2015", the envelope in which it was mailed is postmarked August 10, 2015, and the Clerk's Office in the United States District Court, District of Nevada received and lodged the Petition on August 12, 2015. Pursuant to the "mailbox rule," the Court will deem the Petition to have been "filed" on August 5, 2015.[3] On October 22, 2015, pursuant to 28 U.S.C. § 1631, the United States District Court for the District of Nevada transferred this matter to the United States District Court for the Central District of California, Santa Ana Division. On October 30, 2015, the Court directed Petitioner to show cause if there be any, why the Court should not recommend dismissal of the Petition for lack of jurisdiction. ("Show Cause Order," ECF No. 11.) On November 12, 2015, Petitioner filed a "Respond[sic] to Show Cause Dismissal for Lack of Jurisdiction." ("Response," ECF No. 13.)

In his Response to the Show Cause Order, Petitioner argues that the Central District of California should not dismiss his instant Petition because (1) his Petition is challenging a conviction which was issued in the Central District of California, (2) "if the petitioner files a petition in the wrong district, the district court may transfer the petition to the proper district pursuant to 28 U.S.C. § 1631," and (3) "the U.S. District Court of Nevada said that the Central District of California, Santa Ana division has jurisdiction for [his] case." (Response at 1-2, citing *Miller v. Hambrick*, 905 F. 2d 259, 262 (9th Cir. 1990).) For the following reasons, Petitioner's Response to the Show Cause Order is deficient and the Petition must be dismissed.

---

[3] "Under the 'mailbox rule,' a *pro se* prisoner's filing of a state habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court." *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003); *Campbell v. Henry*, 614 F.3d 1056, 1058-59 (9th Cir. 2010); *see also* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

### A. **The Petition is Barred as a Second and Successive Challenge to His Conviction.**

As a threshold matter, Petitioner's § 2241 petition is not the proper vehicle for contesting the legality of his sentence, as "[m]otions to contest the legality of a sentence [(as opposed to the manner or execution of a sentence)] must be filed under § 2255." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000); *see also Doganiere v. United States*, 914 F. 2d 165, 169-70 (9th Cir. 1990) (stating § 2255 motion tests only the legality of the sentence imposed, not the manner or execution).

The instant Petition does not provide any facts about the underlying case or the particular charges for which he was convicted.[4] Nevertheless, it is apparent from the face of the Petition, that Petitioner raises here the identical issue that he raised in his previously unsuccessful § 2255 motion that he brought in this district, where he asserted the falsity of the indictment as the sole basis for challenging the legality of this conviction. (Pet. at 5.) Because Petitioner previously filed an unsuccessful motion under 28 U.S.C. § 2255 in district court where he was sentenced, he is now barred from bringing a second and successive motion under § 2255 unless it is certified by the appropriate court of appeals. *See* 28 U.S.C. § 2244(b)(2) and (3).

---

[4] Based on its own review of the court's electronic files and records, the Court takes judicial notice that after a jury trial, on October 20, 2009, Petitioner was found guilty and convicted on multiple counts relating to mail fraud, production of false identification documents, aiding and abetting, possession of false identification documents, and possession of document making implements. *See Mullis v. U.S. Bank Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987) (a court may properly take judicial notice of the contents of public records or court files). The Court also notes that Petitioner was committed to the BOP on Counts 3-7, 15, 16, 17 of the Indictment for 240 months. (ECF No. 233, Case No. 8:07-cr-00207-AG-1.) Petitioner's direct appeal of his 2010 conviction concluded in 2012. *United States v. Lee*, 465 F. App'x 627, 630-31 (9th Cir. 2012). A slew of federal habeas filings ensued. *See, e.g., Lee v. Cozza-Rhodes*, 2013 U.S. Dist. LEXIS 65592 (D. Colo., May 8, 2013); *Lee v. Cozza-Rhodes*, 2013 U.S. Dist. LEXIS 95408 (D. Colo., July 8, 2013); *Lee v. Cozza-Rhodes*, 2014 U.S. Dist. LEXIS 6357 (D. Colo., Jan. 16, 2014); *Lee v. Maye*, 2014 U.S. Dist. LEXIS 57121 (D. Kan., Apr. 24, 2014); and *Lee v. Collins*, 2015 U.S. Dist. LEXIS 136302 (D. Nev., Oct. 5, 2015).

A federal prisoner may not circumvent the bar against successive § 2255 motions by attempting to substitute a § 2241 petition for a § 2255 motion. *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999) ("The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255.); *see also Porter v. Adams*, 244 F. 3d 1006, 1007 (9th Cir. 2001) ("Merely labeling a section 2255 motion as a section 2241 petition does not overcome the bar against successive section 2255 motions." (Internal citations omitted)).

### B. Petitioner's § 2241 Petition Does Not Avoid the Bar Against Successive Motions.

Petitioner may only avoid the bar against successive motions if Petitioner's "remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (e); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (holding federal petitioner may not avoid bar on successive petitions "by styling his petition as one pursuant to 28 U.S.C. § 2241"). The Ninth Circuit has held that § 2255's "escape hatch" only allows a federal prisoner to bring a § 2241 petition when a petitioner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (internal citations omitted).

"To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that 'no reasonable juror' would have convicted him [citation omitted] . . . . [T]he parties are not limited to the existing trial record; the issue is 'factual innocence, not mere legal insufficiency.'" *Lorentsen v. Hood*, 223 F.3d 950, 953-54 (9th Cir. 2000) (quoting *Bousley*, 523 U.S. at 623).

4

"In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask . . . (1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion and whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008).

Here, Petitioner presents no facts that satisfy his burden of proof to establish actual innocence. Indeed, he does not contend that he is actually innocent, but rather, argues that he should be granted immediate release from custody because the indictment under which he was charged and tried was allegedly defective because "the indictment cover page does not have the court filing stamp and the final page does not have the grand jury signature on it." (Pet. at 8.)[5]

In addition, Petitioner had an unobstructed procedural shot to challenge the conviction. He presented a direct appeal, albeit unsuccessfully, to the Ninth Circuit on the grounds of ineffective assistance of counsel and insufficiency of the evidence. (Pet. at 3.) He also filed an unsuccessful § 2255 motion asserting exactly the same claim presented here, that the indictment was false. (Pet. at 5.) Petitioner also has not established (or even contended) that there has been a change of law that is in any way relevant to Petitioner's claim since his first § 2255 motion.

### C. A Section 2241 Petition Must be Filed in the District where the Prisoner is in Custody.

Even if Petitioner's instant Petition is not simply an attempt to circumvent the bar against successive motions under § 2255, a petition brought under § 2241, must be filed in the district where the prisoner is in custody. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S.

---

[5] Petitioner did not attach copies of the allegedly deficient documents as exhibits to the Petition. Nor did he provide any other documentation in support of his claim.

5

484, 494-95 (1973). "A prisoner may challenge the execution of his sentence by bringing a petition under § 2241. *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). Cf. 28 U.S.C. § 2255 (A § 2255 motion must be filed in the sentencing court, and a prisoner may "move the court which imposed the sentence to vacate, set aside or correct the sentence."). This is true even where the petitioner uses § 2241 to contest the legality of a sentence under the "savings clause" of 28 U.S.C. § 2255. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Hernandez*, 204 F.3d at 865. Federal habeas petitions filed by prisoners confined in another district may be dismissed. *See Hassain v. Johnson*, 790 F.2d 1420 (9th Cir. 1986), *cert. denied*, 479 U.S. 1038 (1987).

Because, Petitioner is not in custody in this Court's jurisdiction and also does not qualify for § 2255's "escape hatch" to overcome the bar of a second or successive petition by demonstrating actual innocence or an obstructed procedural shot at presenting that claim, his § 2241 Petition must be dismissed.[6] *See Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011). Although leave to amend is generally liberally granted, such leave is not required where amendment would be futile. Here, Petitioner cannot overcome § 2255's bar to successive motions nor can he amend to establish that jurisdiction is proper in the Central District of California as he is not in custody in this district.

For the foregoing reasons, the Petition is dismissed with prejudice; and Judgment shall be entered accordingly. IT IS SO ORDERED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

---

[6] The instant Petition is also deficient for failure to state a cognizable "violation of the constitution, laws or treaties of the United States." 28 U.S.C. § 2241 (b) (3). While pleadings by *pro se* litigants must be liberally construed, in this instance, Petitioner does not allege a violation of the U.S. Constitution or federal law. Further, the Petition is devoid of any reference to a violation of federal constitutional rights and cites no federal law from which the Court may infer a reference to such rights.

6

1 | As required by Fed. R. Civ. P. 58 (a) (1), final judgment will be issued separately.

3 | DATED: December 7, 2015

*[signature]*
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

Presented by:

*[signature]*
KAREN L. STEVENSON